87

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 0 5 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| Freda Susan Mowbray, | § § § § | |
| Plaintiff(s), | § | |
| v. | § | CIVIL ACTION NO. B-98-183 |
| Cameron County, et al, | § § § | |
| Defendant(s). | § | |

ORDER

BE IT REMEMBERED that on September 30, 1999, the Court considered and DENIED Defendant Mowbray's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) (Dkt. No. 13-1) for the following reasons:

Plaintiff's §1983 claim is governed by the statute of limitations set out in TEX. CIV. PRAC. & REM. CODE §16.003. *See Brummet*, 946 F.2d 1178, 1183 (5th Cir. 1991). That section requires commencement of an action within two years of the time it accrues. The *Brummet* Court held that "favorable termination is an essential element of a §1983 malicious prosecution claim and, therefore, the cause of action does not accrue until that element has been established." *Id.*; *see also Heck v. Humphrey*, 512 U.S. 477, 489 (1994) ("Just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor, so also a §1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.") (citations omitted). At the earliest, Plaintiff's cause of action accrued when the Habeas Court reversed Plaintiff's conviction in 1997. At the latest, it accrued when she was acquitted in 1998. Plaintiff filed the present action in 1998; therefore, Plaintiff's §1983 and related conspiracy claim are not time barred.

Unjust enrichment is a state law claim, and the statute of limitations for unjust enrichment is a matter of state law. The Plaintiff suggests that the appropriate statute

of limitations for a claim of unjust enrichment and constructive trust for personal property is the four year residual limitation period found in TEX. CIV. PRAC. & REM. CODE §16.051. Defendant Mowbray contends that the statute of limitations is two years under TEX. CIV. PRAC. & REM. CODE §16.003.

Regardless of which limitations period is applicable, the issue is when the claim accrued. Plaintiff's cause of action accrued when Plaintiff was acquitted. "A limitations period ordinarily does not begin to run until the plaintiff has a 'complete and present cause of action.'" *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of California, Inc.*, 118 S.Ct. 542, 546 (1997). Just as Plaintiff's §1983 claim for malicious prosecution did not accrue until termination of the criminal proceedings in her favor, Plaintiff's claim for unjust enrichment did not accrue until her acquittal. Plaintiff's unjust enrichment claim was neither "complete" nor "present" until she could establish a favorable outcome in the criminal case against her. Plaintiff filed the present action within two years of being acquitted; therefore, Plaintiff's claims for unjust enrichment are not time barred.

Defendant Mowbray further moves the Court to dismiss Plaintiff Mowbray's case based on *res judicata*. For purposes of considering the Defendant's Rule 12(b)(6) motion to dismiss, the Court may consider, along with the complaint, matters of which it may take judicial notice. *See Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-78 (5th Cir. 1996) ("Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. However, courts may also consider matters of which they may take judicial notice."). Because the *Lovelace* Court specifically limited its holding to the context of a securities fraud case, *Lovelace* is not controlling.

When filing a 12(b)(6) motion to dismiss based on *res judicata*, the Court will not take judicial notice of a prior judgment. To urge *res judicata*, the defendant must offer into evidence a record of the prior judgment. *See* 47 AM. JUR. 2d *Judgments* §721 (1994) ("It is generally held that the existence and contents of a judgment sought to be made available as a basis for res judicata or collateral estoppel must be proved by offering the record or a copy of it in evidence."). "[I]t is the essence of the defense [of

*res judicata*] that it must be pleaded and proved that the matters in issue are the same as those in the former suit, the judgment in which it relies on.  Judicial notice cannot be taken that they are." *Masterson v. Commissioner of Internal Revenue*, 141 F.2d 391, 393 n.4 (5th Cir. 1944).  Defendant Mowbray's 12 (b)(6) motion to dismiss based on *res judicata* is DENIED.

    THEREFORE, Defendant Mowbray's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) (Dkt. No. 13) is DENIED.

    DONE at Brownsville, Texas, this ___30___ day of September 1999.

                                                   Hilda G. Tagle

                                                   United States District Judge