117

United States District Court
Southern District of Texas
ENTERED

JAN 3 1 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FREDA SUSAN MOWBRAY, A/K/A SUSIE MOWBRAY, Plaintiff, | § § § § § § § § § § | |
| v. | | CIVIL ACTION NO. B-98-183 |
| CAMERON COUNTY, ET AL, Defendants. | | |

## ORDER

BE IT REMEMBERED that on January 29, 2000, the Court considered all pending motions.

1. Defendant Euresti's motion to dismiss (Dkt. No. 18) is GRANTED in part and DENIED in part.

2. Defendant Saenz and Cyganiewicz's motion to dismiss (Dkt. No. 29) is GRANTED.

3. Defendant Hesskew's motion to dismiss (Dkt. No. 9) is GRANTED.

4. Defendant Robertson's motion to dismiss and for judgment on the pleadings (Dkt. No. 73) is GRANTED

5. Defendant Mauricio's motion to dismiss and for summary judgment (Dkt. No. 19) is GRANTED.

6. Defendant Cameron County's motion to dismiss (Dkt. No. 17) is GRANTED and motion to re-urge motion to dismiss (Dkt. No. 86) is MOOT.

7. Defendant Margo Mowbray's motion to dismiss (Dkt. No. 50) is GRANTED.

8. Defendant James Mowbray's motion to dismiss (Dkt. No. 90) is GRANTED.

9. Defendant James Mowbray's motion for protection from discovery (Dkt. No. 93) is GRANTED.

10. Plaintiff Mowbray's motion for leave to file late response to James Mowbray's second rule 12(b)(6) motion to dismiss (Dkt. No. 96) is GRANTED.

1

**Standard for motion to dismiss.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorize dismissal of a complaint for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion should be granted only if it appears beyond doubt that the Plaintiff could prove no set of facts in support of her claim that would entitle her to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In determining whether to grant a motion to dismiss, the Court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant Plaintiff.

A.   **Prosecuting Attorneys**

Plaintiff has alleged causes of action against then District Attorney Euresti, and Assistant District Attorneys Cyganiewicz and Saenz. Defendants claim that as prosecuting attorneys they are entitled to absolute immunity from suit under §1983. Moreover, if absolute immunity is not applicable, they argue that qualified immunity applies.

Prosecutors are entitled to absolute immunity from §1983 claims arising from the initiation and pursuit of a criminal prosecution. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). In *Buckley* the Supreme Court established a functional approach to determining when a prosecutor is entitled to absolute immunity. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the state, are entitled to the protections of absolute immunity." *Buckley*, 509 U.S. at 273. The functional approach distinguishes between investigative or administrative actions on the one hand and prosecutorial or judicial functions on the other. Investigative actions are not entitled to absolute immunity. Prosecutorial actions are entitled to absolute immunity. The Defendants have the burden of establishing that they were functioning as advocates.

Two factors, timing and function, are to be considered in determining whether an action is investigative or prosecutorial. A prosecutor may be acting as an advocate before judicial proceedings have been commenced. *See Kalina v. Fletcher*, 522 U.S.

118, 118 S. Ct. 502, 509 (1997); *Imbler*, 424 U.S. at 431 n.33; *Spivey v. Robertson*, No. 98-30595, 1999 WL 1115447, at *3 (5th Cir. 1999). Furthermore, actions taken to initiate prosecution "must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at the trial or before a grand . . . ." *Buckley*, 509 U.S. at 273. The label "investigative," in other words, must be tempered by the critical question of whether the function performed is fact gathering, a typical function of the police, versus fact analysis, a typical function of the prosecutor. *See id.* There is no particular time at which absolute immunity begins. Only the function performed determines whether a prosecutor is entitled to absolute rather than the qualified immunity.

### 1. Defendant Euresti

In order to determine whether Defendant Euresti is entitled to absolute immunity, the Court will analyze Plaintiff's claims. Plaintiff alleges several claims against Defendant Euresti – §1983, conspiracy to violate civil rights; false imprisonment; abuse of process; slander; and intentional infliction of emotional distress.

Plaintiff, though given ample opportunity, does not state a §1983 claim against Defendant Euresti. None of the actions Plaintiff attributes to Defendant Euresti can be called investigative. Rather, the meetings with potential expert witnesses and the so-called mock up provided for Mr. MacDonell are within the evaluative process that a prosecutor would conduct before proceeding to either trial or a grand jury for indictment. The claims that Defendant Euresti suppressed exculpatory evidence do not allege actions that can be characterized as investigative or administrative. Furthermore, as discussed *infra*, none of these functions were performed before the probable cause stage.

Though the facts of this case are similar to those in *Buckley*, there are significant differences which lead to a different outcome. In *Buckley*, the police did not have probable cause to suspect the defendant of committing the crime. Moreover, the prosecutors engaged in an investigation of the crime and assembled a grand jury, not to return an indictment, but to investigate the crime. In the instant case, the police had

probable cause to arrest Plaintiff almost from the time they arrived on the scene. Defendant Euresti and the other prosecutors engaged themselves in the process of evaluating the evidence to be presented to a grand jury for indictment. Because Plaintiff fails to state a claim or allege non-conclusory facts to support a claim that the prosecutors performed investigative, non-prosecutorial functions, Defendant Euresti is entitled to absolute immunity.

In her second claim against Defendant Euresti, Plaintiff alleges a conspiracy to violate civil rights. That the alleged violations may have been performed in concert and agreement with others does not deprive Defendant Euresti of immunity. Furthermore, if Defendant is immune from the §1983 lawsuit, he is also immune from suit based on conspiracy to commit a civil rights violations. *See Pfannstiel v. City of Marion*, 918 F.2d 178 (5th Cir. 1990) (abrogated on other grounds). Thus Defendant Euresti is absolutely immune from a claim of conspiracy to violate Plaintiff's civil rights.

Plaintiff also alleges state law claims of false imprisonment, abuse of process, and intentional infliction of emotional distress. Texas recognizes federal immunity law based on *Imbler* and affords prosecutors absolute immunity from tort action. *See Kimmel v. Leoffler*, 791 S.W.2d 648, 651 (Tex. App.–San Antonio 1990, writ denied) (disapproved on other grounds by *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752 (Tex. 1993)). Therefore, the foregoing absolute immunity analysis is applicable to the state law tort claims.

Lastly, Plaintiff claims that Defendant Euresti committed slander. Apparently the alleged slanderous comments were made at press conferences. The United States Supreme Court clearly stated in *Buckley* that prosecutors are not entitled to absolute immunity for statements made to the press. Texas applies the same principle. *See Oden v. Reader*, 935 S.W.2d 470, 475 (Tex. App.–Tyler 1996, no writ); *see also Town of South Padre Island v. Jacobs*, 736 S.W.2d 134, 144 (Tex.App.--Corpus Christi 1986, writ denied) (op. on reh'g). Clearly, Defendant Euresti is not entitled to absolute immunity. However, because Plaintiff has not alleged what statements were made or the exact context in which they were made, the Court cannot determine whether

qualified immunity or good-faith immunity might be applicable. Defendant Euresti is not entitled to immunity from the slander claim.

### 2. Defendants Cyganiewicz and Saenz

Plaintiff asserts a §1983 claim and a conspiracy claim against both Defendants Cyganiewicz and Saenz. Plaintiff claims that Defendant Cyganiewicz committed the tort of intentional infliction of emotional distress. Against Defendant Saenz, Plaintiff claims false imprisonment. The factual claims against the Assistant District Attorneys do not differ from those against Defendant Euresti. For the same reasons expressed above, Defendants Cyganiewicz and Saenz are entitled to absolute immunity from suit on both the federal or state law claims.

### B. Expert Witnesses

Plaintiff Mowbray alleges that the prosecution's two expert witnesses, Defendants Hesskew and Robertson, conspired to violate Plaintiff's civil rights and intentionally inflicted emotional distress. Although the two defendants have made slightly different arguments in their motions and briefs, the Court will consider their motions together.

Defendants Hesskew and Robertson are entitled to absolute witness immunity for the testimony they gave at Plaintiff's trial. *See Briscoe v. LaHue*, 460 U.S. 325 (1983). Even Plaintiff admits that Defendants are entitled to absolutely witness immunity. Moreover, the Court, though not having found Fifth Circuit precedent on point, finds persuasive case law from other circuits holding that absolute witness immunity protects the witness from civil suits alleging a conspiracy to commit perjury. *See, Hunt v. Bennet*, 17 F.3d 1263, 1267-68 (10th Cir. 1994); *see also Snelling v. Westhoff*, 972 F.2d 199, 200 (8th Cir. 1992). Thus, to the extent that Plaintiff's allegations are derived from Defendants Hesskew or Robertson's testimony, Defendants are entitled to absolute immunity.

Plaintiff, however, argues that Defendants, rather than conspire to commit perjury, in actuality conspired to conceal exculpatory evidence and fabricate inculpatory evidence. Setting aside Plaintiff's conclusory assertions, her complaint alleges nothing

5

more than a few meetings and an evaluation of the evidence. Certainly, Defendant Hesskew and Robertson's scientific methodology and reporting can be characterized as less than adequate. However, Plaintiff has not alleged any fact supporting a conspiracy to violate her civil rights.

**C.   Police Officers**

Officer Mauricio was the first officer to arrive at the scene and participated in some meetings involving the state's experts. Against Defendant Mauricio, Plaintiff alleges a §1983 claim; conspiracy to deprive Plaintiff of her civil rights; false imprisonment; abuse of process; malicious prosecution; and intentional infliction of emotional distress.

Defendant Mauricio filed a motion to dismiss and motion for summary judgment. Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56 (c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The nonmoving party bears the burden of setting forth specific facts showing that there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Existence of a factual dispute will not defeat a motion for summary judgment unless the disputed facts might affect the outcome of the lawsuit under the governing law. *See id.* at 247-48.

The moving party bears the initial burden of informing the Court of the issues and the evidence that supports summary judgment. *See Celotex*, 477 U.S. at 323. Then the burden shifts to the nonmoving party to establish the existence of a genuine issue of material fact and all justifiable inferences are drawn in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986). The nonmoving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 586-87 (quoting Fed. R. Civ. P. 56 (c)).

Reviewing the summary judgment evidence, Plaintiff has not produced competent summary judgment evidence to create a genuine issue of material fact concerning the §1983 claim. Plaintiff has not produced any competent summary judgment evidence showing that Defendant Mauricio knew of any exculpatory material.

6

Plaintiff alleges Defendant Mauricio knew of MacDonell's report; however, that report was produced before trial and there is no summary judgment evidence creating a fact issue about an attempt by Defendant Mauricio to conceal the report. Simply, there is no material issue of genuine fact related to Plaintiff's §1983 claim against Defendant Mauricio.

Plaintiff's conspiracy claim against Defendant Mauricio must also fail. Without a §1983 violation, Plaintiff cannot allege a conspiracy violation. *See Pfannstiel*, 918 F.2d at 178.

Furthermore, Defendant Mauricio is entitled to official immunity for the state law claims alleged against her. "Government employees are entitled to official immunity from suit arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority." *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994). The second element is at issue. The question is whether a reasonable official could have believed his or her conduct to be lawful in light of clearly established law and the information possessed by the official at the time the conduct occurred. *See id.* at 656. Even had Defendant Mauricio known of MacDonnel's initial conclusions or the contents of the report he would subsequently write, there is no competent summary judgment evidence that Defendant Mauricio acted with anything other than good faith. In light of the fact that MacDonnel's report was produced, a reasonable official could hardly be asked to do more. Defendant Mauricio is entitled to official immunity for the state law claims.

### D.  Cameron County

Having granted Defendant Cameron County's motion to dismiss with respect to the intentional tort claims, the Court addresses the County's motion to dismiss the federal claims.

Defendant Cameron County is not liable under §1983. Defendants Euresti, Cyganiewicz, and Saenz were performing prosecutorial as opposed to administrative or ministerial functions. Interviewing expert witnesses and evaluating evidence to be presented either to a grand jury or at trial is an integral part of the prosecutorial function

7

of enforcing state criminal law. Therefore, the prosecutors were acting on the state's behalf. Cameron County is not liable, even had the prosecutors actually engaged in unconstitutional conduct. *See Esteves v. Brock*, 106 F.3d 674, 77-78 (5th Cir. 1997). Moreover, because the Court finds that the other Defendants are entitled to immunity, the County is not liable to Plaintiff.

### E.  Defendants Margo and James Mowbray

#### 1. Defendant Margo Mowbray

Plaintiff claims that Defendant Margo Mowbray was unjustly enriched and a constructive trust should be issued. The Court takes judicial notice of the case *Jeanne N. Mowbray v. Metropolitan Life Ins. Co. and Fredda Sue Mowbray*, Civil Action B-88-107.[1] In that case, the deceased's mother was awarded the benefits of insurance policies. Plaintiff Mowbray, having been convicted of the deceased's murder, was not entitled to benefit from the policies. Subsequent to her acquittal, Plaintiff moved that Court to vacate its earlier judgment and order the return of the insurance funds previously awarded to Jeanne Mowbray. In short, the Court vacated the judgment and denied all other requested relief including the creation of a constructive trust. This issue has been decided against Plaintiff, and this Court will not review the decision in place in *Jeanne N. Mowbray*, Civil Action B-88-107.

#### 2. Defendant James Mowbray

For the foregoing reasons, Plaintiff's claim of unjust enrichment and request for constructive trust against Defendant James Mowbray do not state a claim for which relief may be granted in this Court.

Plaintiff, however, also asserts the conspiracy claim against Defendant James Mowbray. Plaintiff fails to state a claim for conspiracy to violate civil rights. Ignoring

---

[1] The Court, in an earlier order, declined to take judicial notice of the earlier case until Defendant James Mowbray filed a certified copy of the final judgment in that case. The Court recognizes that Mr. Mowbray attempted to make such an offer at the hearing held on December 20, 1999. Therefore, the Court takes judicial notice of B-88-107.

8

conclusory allegations, at most the facts alleged show that Defendant James Mowbray took an active interest in the prosecution of his brother's alleged murderer.

**Conclusion**

Having reviewed the applicable law, the parties motions and briefs, the Court determines that Plaintiff fails to state a claim against any Defendant in this action. Only the slander claim against Defendant Euresti remains unresolved by the motions presently before the Court. The parties should complete discovery on this discrete issue as soon as practicable and submit motions for summary judgment no later than 90 days from the time this order is filed.

DONE at Brownsville, Texas, this __28__ day of January 2000.

Hilda G. Tagle
United States District Judge