```
                                              United States District Court
                                              Southern District of Texas
                                                      ENTERED
     IN THE UNITED STATES DISTRICT COURT          MAR 2 8 2000
     FOR THE SOUTHERN DISTRICT OF TEXAS
             BROWNSVILLE DIVISION              Michael N. Milby, Clerk of Court
                                               By Deputy Clerk
```

FREDA SUSAN MOWBRAY, §
 §
    Plaintiff, §
 §
v. § CIVIL ACTION NO. B-98-183
 §
CAMERON COUNTY, ET AL., §
 §
    Defendants. §

## FINAL JUDGMENT

BE IT REMEMBERED that on March 27, 2000, the Court memorialized its ORDERS entered on the record at the December 20, 1999, motion hearing.

1. At the motion hearing on December 20, 1999, the Court GRANTED in part Defendant Cameron County's motion to dismiss (Dkt. No. 17). Specifically, the Court dismissed all intentional torts claimed against Defendant Cameron County.

2. Moreover, at the December 20, 1999, hearing, the Court GRANTED Defendant Cameron County's motion to dismiss Plaintiff's prayer for punitive damages against Cameron County.

3. Thus, pursuant to Rule 54 (b) the Court ORDERS that Plaintiff Mowbray take nothing from Defendant Cameron County and all intentional tort claims against the Defendant Cameron County are DISMISSED with prejudice.

DONE at Brownsville, Texas, this 28th day of March 2000.

_____
Hilda G. Tagle
**United States District Judge**

II. **Procedural and factual summary.**

Plaintiff filed a Third Amended complaint alleging intentional torts against botht the County and Defendant who are or were employees of the County. Namely, Plaintiff alleged false imprisonment, malicious prosecution, abuse of process, slander, and intentional infliction of emotional distress.

Defendant Cameron County filed a motion to dismiss (Dkt. No. 17). One argument the County set out was that it could not be sued for intentional torts because Texas has not waived its sovereign immunity for intentional torts. At the motion hearing held on December 20, 1999, the County presented oral arguments on this subject.

In response, Plaintiff's attorney was compelled to admit that the County's arguments had merit. In turn, the Court granted the County's motion to dismiss all claims for intentional torts. Counsel for the Defendants urging this motion addressed the Court and orally urged a motion to dismiss based Texas Civil Practice and Remedies Code §101.106. The Court ordered the Defendants to urge their motion in writing.

III. **Arguments.**

Defendants argue that §101.106 clearly requires the Court to dismiss claims against the employee Defendants. Defendants contend that once the intentional tort claims were dismissed against the County, §101.106 barred Plaintiff from pursuing the same claims against the Defendants who were employed by the County.

Plaintiff claims that she never pled a claim under the Texas Tort Claims Act (TTCA). Moreover, Plaintiff argues that because intentional tort claims do not fall under the TTCA, §101.106 does not apply.

IV. **Discussion.**

Under the TTCA, when an action against a governmental entity results in a judgment or is settled, an action against the employee whose act or omission gave rise to the claim is barred as a matter of law. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106; *see also Newman v. Obersteller*, 960 S.W.2d 621, 622 (Tex.1997); *Thomas v.*

*Oldham*, 895 S.W.2d 352, 355 (Tex.1995); *White v. Annis*, 864 S.W.2d 127, 131 (Tex. App.-- Dallas 1993, writ denied). The statute provides:

> A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106. This provision bars a Court from rendering a judgment against an employee subsequent to or concurrent with rendering of judgment as to the governmental employer. *See Thomas*, 895 S.W.2d at 355; *White*, 864 S.W.2d at 132. It applies "if the settlement or judgment in the action against the governmental unit occurs at any time before or during the pendency of the 'action' against the employee." *Thomas*, 895 S.W.2d at 355.

Section 101.106 is an immunity statute and precludes claims against a governmental employee involving the same action, transaction, or occurrence without regard to whether the action against the employee is based on the same cause of action; the action need only involve the same subject matter as the action brought against the governmental entity. *See Urban v. Canada*, 963 S.W.2d 805, 807 (Tex. App. -- San Antonio 1998, n.w.h.). Thus, whether the plaintiff's claims against the governmental unit falls under the TTCA is relevant, but whether the plaintiff's claim against the employee falls under the TTCA is not. *See White*, 864 S.W.2d at 130; *see also Brand v. Savage*, 920 S.W.2d 672, 674 (Tex.App.--Houston [1st Dist.] 1995, no writ).

The provision forecloses a claim against an employee arising from an intentional tort, as intentional torts are specifically excluded by the TTCA, and governmental entities retain their sovereign immunity with respect to such claims. *See Brand*, 920 S.W.2d at 674; TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2). Thus, in *Brand*, the court found the plaintiff's claims against a police officer for malicious prosecution, false imprisonment, conversion, and assault

3

and battery to be barred by summary judgments granted in favor of the municipalities that employed the officer. *See* 920 S.W.2d at 674-75. Essentially, § 101.106 provides "derivative immunity" for a governmental employee.

Finally, Plaintiff's two arguments in response have no force. First, Plaintiff's argument that they have never pled a TTCA cause of action is unavailing. "Pleading, however, may invoke statutes without naming them." *Urban*, 963 S.W.2d at 807 (citations omitted). Just as in *Urban*, Plaintiff invoked the TTCA by naming the County as a Defendant, and Plaintiff's counsel recognized that those claims could not be maintained because of the strictures of the TTCA. *See id.* Plaintiff's second argument is equally unpersuasive. A significant number of cases stand for the proposition that dismissing a state entity employer under TEX. CIV. PRAC. & REM. CODE ANN. § 101.57 (excluding intentional torts from the TTCA) provides the basis for dismissing the employee under TEX. CIV. PRAC. & REM. CODE ANN. § 101.106. *See, e.g., Brand*, 920 S.W.2d at 674.

## V.   Conclusion.

The Court dismissed the claim against the County while the same claims were pending against the County's employees. The same actions formed the basis of the claims against both the County and the County's employees. Thus, the Court GRANTS summary judgment with respect to the plaintiff's state law claims against Defendants Euresti, Saenz, Cyganiewicz, Gavito, and Mauricio.

DONE at Brownsville, Texas, this 28th day of March 2000.

Hilda G. Tagle
United States District Judge